IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JEROME AMES & TONY VANN, | ) |
| | ) Case No. |
| | ) |
| Plaintiffs, | ) JUDGE |
| | ) |
| v. | ) Magistrate |
| | ) |
| The CITY OF CHICAGO Illinois, a municipal corporation, Chicago Police Officers VICTOR ALCAZAR (#11046), & BRANDON NEITA-SCOTT (#18908), | ) Jury Trial Demanded |
| | ) |
| Defendants. | ) |

**PLAINTIFFS JEROME AMES & TONY VANN'S COMPLAINT**

NOW COMES Plaintiffs, JEROME AMES and TONY VANN (hereinafter referred to as "Plaintiffs"), by and through their attorney, JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC, for Plaintiff's Complaint and Jury Demand against Defendant Chicago Police Officers VICTOR ALCAZAR (#11046) and BRANDON NEITA-SCOTT (#18908), and the CITY OF CHICAGO, Illinois, a municipal corporation, states as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

1

**PARTIES**

4. Plaintiff Jerome Ames is a resident of Streamwood, Illinois and Plaintiff Tony Vann is a resident of Chicago, Illinois.

5. At all relevant times Defendants Alcazar and Neita-Scott ("Defendant Officers") were Chicago Police Officers, employed by Defendant City of Chicago, acting under color of law and within the course and scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident, was the employer and principal of Defendants Alcazar and Neita-Scott. Should Plaintiffs prevail on their claims, Defendant City of Chicago must indemnify Defendants Alcazar and Neita-Scott on Plaintiffs' claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7. On April 30, 2021, Plaintiff Jerome Ames was driving his vehicle near the 7200 block of North Claremont in Chicago.

8. Plaintiff Tony Vann was a passenger in Plaintiff Jerome Ames' vehicle.

9. Defendants Alcazar and Neita-Scott initiated a traffic stop on Plaintiff Ames' vehicle.

10. Plaintiff Ames had not committed any traffic violations.

11. Upon seeing police lights behind him, Plaintiff Ames cooperated and immediately pulled his vehicle to the side of the road.

12. Defendants Neita-Scott and Alcazar approached Plaintiff Ames' vehicle.

13. Plaintiff Ames had a valid driver's license, proof of insurance, and registration.

14. At the time of initiating the traffic stop, Defendants Alcazar and Neita-Scott possessed no reasonable suspicion to believe that Plaintiffs had committed or were about to commit any weapons or narcotics violations.

15. Defendants Alcazar and Neita-Scott ran Plaintiffs' names through CPD databases to learn their criminal history.

16. Instead of issuing a traffic citation and allowing Plaintiffs to leave, Defendants Alcazar and Neita-Scott told Plaintiffs to exit their vehicle.

17. Defendants Alcazar and Neita-Scott told Plaintiffs that because of Plaintiffs' criminal history, they were going to search them and the vehicle.

18. Once Plaintiffs exited the vehicle, they were placed in handcuffs and detained.

19. Defendants Alcazar and Neita-Scott searched Plaintiffs' person.

20. Defendants Alcazar and Neita-Scott then searched Plaintiff Ames' vehicle.

21. There was no legal basis for Defendants Alcazar and Neita-Scott to order Plaintiffs to exit the vehicle.

22. There was no legal basis for Defendants Alcazar and Neita-Scott to place Plaintiffs into handcuffs and detain them.

23. There was no legal basis for Defendants Alcazar and Neita-Scott to search Plaintiff Ames' vehicle.

24. After failing to find anything incriminating, the Defendant officers let the Plaintiffs go and issued Plaintiff Ames traffic citations.

### COUNT I
### 42 U.S.C. § 1983 – Unlawful Seizure – Traffic Stop
### Plaintiff Ames Against Defendants Alcazar & Neita Scott

25. Each of the foregoing paragraphs is incorporated as if fully restated herein.

26. As described in the above paragraphs, Defendants Alcazar and Neita-Scott unlawfully stopped Plaintiff Ames' vehicle, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

27. Said actions of Defendants Alcazar and Neita-Scott were intentional and committed with reckless disregard for Plaintiff Ames' rights.

28. As a direct and proximate consequence of Defendants Alcazar and Neita-Scott's conduct, Plaintiff Ames suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT II
### 42 U.S.C. § 1983 – Unlawful Seizure/Detention
### Plaintiffs Against Defendants Alcazar & Neita-Scott

29. Each of the foregoing paragraphs is incorporated as if fully restated herein.

30. As described in the above paragraphs, Defendants Alcazar and Neita-Scott unlawfully seized and detained Plaintiffs when they removed Plaintiffs from their vehicle and handcuffed Plaintiffs, thus violating Plaintiffs' rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

31. Said actions of Defendants Alcazar and Neita Scott were intentional and committed with reckless disregard for Plaintiffs' rights.

32. As a direct and proximate consequence of Defendants Alcazar and Neita-Scott's conduct, Plaintiffs suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT III
### 42 U.S.C. § 1983 – Unlawful Search of Plaintiff Ames' Vehicle
### Plaintiff Ames Against Defendants Neita-Scott & Alcazar

33. Each of the foregoing paragraphs is incorporated as if fully restated herein.

4

34. As described in the above paragraphs, Defendants Alcazar and Neita Scott unlawfully searched Plaintiff Ames' vehicle, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

35. Said actions of Defendants Alcazar and Neita-Scott were intentional and committed with reckless disregard for Plaintiff Ames' rights.

36. As a direct and proximate consequence of Defendants Alcazar and Neita-Scott's conduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT IV
### 42 U.S.C. § 1983 –Unlawful Search of Plaintiffs' Person
### Plaintiffs Against Defendants Neita-Scott & Alcazar

37. Each of the foregoing paragraphs is incorporated as if fully restated herein.

38. Defendants Alcazar and Neita-Scott unlawfully searched Plaintiffs' person, thus violating their rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

39. Said actions of Defendants Alcazar and Neita-Scott were intentional and committed with reckless disregard for Plaintiffs' rights.

40. As a direct and proximate consequence of Defendants Alcazar and Neita-Scott's conduct, Plaintiffs suffered damages which will be proven at trial

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this court deems equitable and just.

## COUNT V
### Indemnification
### Against the City of Chicago

41. Each of the foregoing paragraphs is incorporated as if fully restated herein.

42. At all relevant times, Defendant City of Chicago was the employer of Defendants Alcazar and Neita-Scott.

43. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

44. Defendants Alcazar and Neita-Scott committed the alleged acts under the color of law and in the course and scope of their employment with the City of Chicago.

45. As a proximate cause of Defendant Neita-Scott and Alcazar's unlawful acts, which occurred within the course and scope of their employment activities, Plaintiffs suffered damages.

**WHEREFORE,** should Defendants Alcazar and Neita-Scott be found liable, Plaintiffs demand judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

**DATED**: February 9, 2022

Respectfully Submitted,

Jerome Ames & Tony Vann, Plaintiffs

By: /s/ Julian Johnson
Attorney for Plaintiff

Attorney No: 6306259
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: 312-487-1711
Fax: 312-300-4029
julian@julianjohnsonlaw.com

6